UNITED STATES, Appellee,

v.

Billy H. STEGALL, Specialist Four, U.S. Army, Appellant.

No. 34,872.

CM 435326.

U. S. Court of Military Appeals.

Feb. 5, 1979.

Appearances: For Appellant—*Captain Larry C. Schafer* (argued); *Colonel Robert B. Clarke* (on brief); *Lieutenant Colonel John R. Thornock; Major Benjamin A. Sims* (on brief); *Captain Buren R. Shields III* (on brief); *Captain Peter V. Train* (on brief); *Captain D. David Hostler.*

For Appellee—*Captain Douglas P. Franklin* (argued); *Colonel Thomas H. Davis; Lieutenant Colonel R. R. Boller* (on brief); *Major Steven M. Werner* (on brief).

Opinion of the Court

PERRY, Judge:

The appellant was convicted by a special court-martial, consisting of a military judge alone, of the offenses of assault and battery and of striking a superior noncommissioned officer while in the execution of his office, in violation of Articles 91 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 891 and 928, respectively. He was sentenced to a bad-conduct discharge, forfeiture of $200 per month for 5 months, imprisonment for 5 months and reduction to the lowest enlisted grade. The convening authority approved the findings and sentence but suspended the bad-conduct discharge with provision for its automatic remission if not sooner vacated by proper authority. The United States Army Court of Military Review affirmed. We granted review to consider two issues presented by the appellant which will be discussed below.

■ First, the appellant contends that his request for trial by military judge alone was not made knowingly and understandingly. Specifically, he complains that the military judge failed to explain that if the appellant chose to be tried by members, he could require that the panel be composed of at least one-third enlisted members. The record discloses that before approving the

request for trial by judge alone, the military judge personally addressed the appellant and ascertained that he understood the "meaning and ramifications" of a trial by military judge alone. The judge also explained that the appellant had the right "as a matter of law" to be tried by a court consisting of not less than five members and that it would be necessary for a minimum of two-thirds of whatever the number of members appointed to agree by secret written ballot before he could be found guilty of any offense, and that the same limitation would apply to the imposition of a sentence upon any finding of guilty. The judge further explained to the appellant that if the request for trial by judge alone were approved, both the findings and sentence, in the event of a finding of guilty, would be decided by the judge alone. He further ascertained that the appellant nevertheless desired to be tried by judge alone. We hold that on the basis of the inquiries which the judge directed to the appellant and the assurances given by the appellant that he understood the differences between a judge alone and a jury trial, the request for trial by judge alone was made knowingly and understandingly. *United States v. Parkes*, 5 M.J. 489 (C.M.A. 1978).

■ The second issue which the appellant advances is that the charges were multiplicious and that the Government should have been required to elect upon which of the two charges it would proceed. As above noted, the appellant was charged with two offenses: (1) unlawfully striking the first sergeant with a cane (specification of Charge I), and (2) assaulting the first sergeant, his superior noncommissioned officer who was in the execution of his office (specification of Charge II). The charges arose from an altercation during which the appellant struck the first sergeant several times with his fists and with a cane. It is not contested that at the time, the first sergeant was in the execution of his office. At the commencement of the trial, appellant's counsel moved the court to require the Government to elect upon which of the two charges it would proceed since the

charges arose from but one altercation, during which the assaults alleged in both charges occurred. The motion was denied. However, the judge recognized that in the event of findings of guilty, the charges would be multiplicious for sentencing purposes. After the presentation of evidence, the judge announced findings of guilty as to both specifications, but made no further reference to the multiplicious nature of the charges.

The Government does not deny the appellant's assertion that the offense of assault and battery is included in the greater offense of striking a superior noncommissioned officer while in the execution of his office, the latter of which permits the imposition of a greater sentence. However, the Government argues that the seriousness of the offense of striking the first sergeant warrants conviction under the two specifications. While we agree that the offense of striking a superior noncommissioned officer while in the performance of his duty is a serious offense, we do not agree that more than one punishment is imposable under the circumstances. The case is similar to *United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968), where this Court held that the offense of missing movement, which was not separate for punishment purposes from the charged offense of willful disobedience of an order to report for processing for transfer to Vietnam, should have been dismissed. We held that "procedurally, a multiplicious offense is allowed to be separately charged only to enable the Government to meet the exigencies of proof." *Id.* at 81, 39 C.M.R. at 81. *See* paragraphs 26*b*, 74*b*(4), and 76*a*(5), Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Middleton*, 12 U.S.C.M.A. 54, 30 C.M.R. 54 (1960). We further held that when the necessity is not present, a multiplicious offense may be dismissed on motion before plea, or the findings of guilty may be disapproved before sentence so as to guarantee that the offense is not reflected in the final punishment imposed upon the accused. In this case, though recognizing initially that the charges would be deemed

multiplicious for sentencing purposes upon findings of guilty, the judge allowed both findings to stand. Since the offense of assault and battery is included in the greater offense, the finding of guilty as to the assault and battery offense can appropriately be set aside. *See United States v. Payne*, 12 U.S.C.M.A. 455, 31 C.M.R. 41 (1961).

The decision of the United States Army Court of Military Review is reversed as to the specification of Charge I and that Charge is dismissed. As to the remaining findings of guilty and the sentence,[1] the decision is affirmed.

Chief Judge FLETCHER and Judge COOK concur.

1. As the military judge indicated that he would treat the two offenses as multiplicious for sentencing, the sentence is unaffected by the error discussed and may, therefore, be affirmed.