**UNITED STATES, Appellee,**

v.

**Private E–2 James G. HUGGINS, SSN 204–50–3738, United States Army, Appellant.**

**SPCM 15774.**

U. S. Army Court of Military Review.

18 Nov. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel Jerome E. Kelly, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major Robert B. Williams, JAGC, Major John T. Meixell, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for the appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted of three specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976). These specifications alleged that, at the same time and place, the appellant stole a radio from a Private Gannon, a radio from a Specialist Four Floyd, and $597.00 in currency from Specialist Floyd. The appellant made no motions and entered pleas of guilty to all charges.

The appellant explained to the military judge during the inquiry into the providence of his pleas that he shared a room in the barracks with Gannon and Floyd and that he permitted a civilian named Smith to go into the room to steal the two radios. Smith also took Floyd's money which was inside his radio.

The court-martial sentenced the appellant to a bad-conduct discharge, confinement at hard labor for five months, and forfeiture of $334.00 per month for five months. Pursuant to a pretrial agreement, the convening authority approved only the bad-conduct discharge, confinement at hard labor for three months and forfeiture of $334.00 per month for three months. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

■ The appellant contends on appeal, for the first time, that since there was a single larceny, the offenses are multiplicious for both findings and sentence. We agree that it was improper to charge the appellant with separate offenses when the articles were all taken in one transaction.

When a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons. Thus, if a thief steals a suitcase containing the property of several persons or goes into a room and takes prop-

erty belonging to various persons, there is but one larceny, which should be alleged in but one specification. [Emphasis added.]

Paragraph 200a(8), Manual for Courts-Martial, United States, 1969, (Revised edition). See paragraph 26b, Manual for Courts-Martial, United States, 1969 (Revised edition); United States v. Gutierrez, 42 C.M.R. 521 (A.C.M.R.1970); United States v. Brown, 38 C.M.R. 524 (A.B.R.), pet. denied, 38 C.M.R. 441 (C.M.A.1967).

Three issues are raised by the appellant's contention: Whether we must dismiss one or more of the multiplicious specifications, whether we must set aside the pleas of guilty as improvident because of a substantial misunderstanding of the maximum punishment, and whether we must grant sentence relief because of the military judge's incorrect sentencing instructions.

■ We first turn to the question whether we must dismiss one or more of the multiplicious specifications. In this case the trial defense counsel made no objections or motions regarding the multiplicious specifications. The appellant entered pleas of guilty to all specifications and the charge. The specifications do not duplicate or include each other. If a timely objection had been made at or before the trial, the appropriate remedy would not have been to dismiss one or more of the larceny specifications, but rather to consolidate the three specifications into one. Since the trial defense counsel did not make timely objection to the multiplicious pleading, we hold that the multiplicity for findings was waived. Paragraph 67b, Manual for Courts-Martial, United States, 1969 (Revised edition). We are satisfied that invoking waiver will not result in a manifest injustice, nor will it seriously affect the fairness, integrity or public reputation of judicial proceedings. Accordingly, we need not dismiss any of the multiplicious specifications. United States v. Dupuis, 10 M.J. 650 (N.C.M.R.1980); United States v. Sweney, 48 C.M.R. 476 (A.C.M.R.), pet. denied, 48 C.M.R. 1000 (C.M.A.1974); United States v. Buchholtz,

47 C.M.R. 177 (A.C.M.R.), *pet. denied*, 48 C.M.R. 999 (C.M.A.1973).*

■ On the question of providency, we are satisfied that the pleas of guilty were not rendered improvident by any misunderstanding regarding the maximum punishment, since the maximum punishment was the same for one larceny or three, due to the jurisdictional limits of a special court-martial. *See generally United States v. Hunt*, 10 M.J. 222 (C.M.A.1981); *United States v. Walls*, 9 M.J. 88 (C.M.A.1980); *United States v. Harden*, 1 M.J. 258 (C.M.A. 1976).

■ Turning lastly to the sentencing instructions, we believe that substantial errors in the military judge's instructions on sentencing are not waived by a failure to object. *See United States v. Posnick*, 8 U.S.C.M.A. 201, 205, 24 C.M.R. 11, 15 (1957); cf. *United States v. Holsworth*, 7 M.J. 184 (C.M.A.1979) (court found error, albeit harmless, where judge and counsel failed to consider offenses multiplicious); *United States v. Harden, supra* (even in bench trial, judge's incorrect computation of maximum punishment not waived in spite of agreement by defense counsel); *United States v. Johnson*, 18 U.S.C.M.A. 436, 437, 40 C.M.R. 148, 149 (1969) (failure to instruct court members to begin voting with lightest sentence is "plain error"). In this case the trial judge erroneously instructed the court members that for sentencing purposes there were two larcenies: the theft of a radio from Private Gannon (Specification 1 of the Charge), and theft of a radio and $597.00 from Specialist Floyd (Specifications 2 and 3 of the Charge). However, we believe that no sentence relief is warranted in this case. Even though the trial judge permitted the court members to sentence the appellant for two larcenies when in fact there was only one, he correctly advised them of the maximum punishment. Furthermore, any prejudicial impact of incorrect instructions on sentencing was cured by the convening authority's substantial reduction of the period of confinement, in accordance with the pretrial agreement. *See United States v. Thomas*, 11 M.J. 388 (C.M.A.1981); *United States v. Goodwin*, 9 M.J. 216 (C.M.A.1980); Cf., *United States v. Rushing*, 11 M.J. 95, 98 (C.M.A.1981) (multiplicious specifications dismissed but sentence affirmed in consideration of "the number and nature of the remaining findings of guilty and the sentence adjudged at trial."); *compare United States v. Gibson*, 11 M.J. 435 (C.M.A.1981), (convening authority not only approved the adjudged sentence but rejected the military judge's recommendation to suspend the bad-conduct discharge).

The findings of guilty and the sentence are AFFIRMED.

Chief Judge CARNE concurs.

O'DONNELL, Judge, concurring in the result:

The Manual for Courts-Martial provides that one "transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person." Paragraph 26*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

What is reasonable or unreasonable depends, of course, on the facts of the particular case. For example, it is not unreasonable to charge more than one codal violation arising from a single transaction to allow for the exigencies of proof.[1] On the other hand, it is unreasonable to charge a person

---

* Where the multiplicity issue has been raised at trial, appellate courts may dismiss specifications which include or duplicate other specifications. *See*, e. g., *United States v. Rushing*, 11 M.J. 95 (C.M.A.1981) (one specification dismissed where single altercation split into two specifications of assault); *United States v. Thompson*, 10 M.J. 405 (C.M.A.1981) (memo.) (assault specification set aside as multiplicious with rape where the assault was the force employed to perpetrate the rape); *United States v.*

*Stegall*, 6 M.J. 176 (C.M.A.1979) (assault and battery dismissed as multiplicious with striking noncommissioned officer in execution of his office).

1. Paragraph 26*b* of the Manual for Courts-Martial provides that there are times "when sufficient doubt as to the facts or the law exists to warrant making one transaction the basis for charging two or more offenses."

with an offense and a lesser included offense,[2] or with two offenses which merely duplicate each other.[3] In effect, he has been charged with the same offense twice. In such cases, there are no exigencies of proof requiring the multiplication and the charges are perforce multiplicious.

Charges which have been unreasonably multiplied are subject to a motion to dismiss for multiplicity. *See United States v. Strand*, 6 U.S.C.M.A. 297, 306, 20 C.M.R. 13, 22 (1955). If the military judge fails to dismiss on motion, this Court[4] or the Court of Military Appeals[5] can do so on appellate review. The more difficult question is what remedial action, if any, may we take when the accused fails to object at trial. This involves the nature and effect of error in the military system. Article 59(a) of the Uniform Code of Military Justice provides that only errors that prejudice the substantial rights of the accused require remedial action.[6] Generally, the failure to make a motion or objection constitutes waiver. Paragraph 67*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). Recently, a waiver rule was adopted in the new Military Rules of Evidence.[7] Rule

103(d), the so-called plain error rule, was included to overcome the rigors of a strict interpretation of the waiver doctrine. It provides: "Nothing in this rule precludes taking notice of plain errors that materially prejudice substantial rights although they were not brought to the attention of the military judge." The effect of the plain error rule is that error not raised at trial may be disregarded on appeal unless to do so would result in a manifest injustice or would otherwise affect the integrity of the judicial proceedings. *See Eaton v. United States*, 398 F.2d 485 (5th Cir.), *cert. denied*, 393 U.S. 937, 89 S.Ct. 299, 21 L.Ed.2d 273 (1968).[8]

In the case of lesser included or duplicative offenses, the failure to move to dismiss should be no bar to remedial action on review. It would be manifestly unfair to permit an accused to stand convicted of the same offense twice whether at the same or at different trials.[9] In such a case, consistent with the plain error rule, remedial action may be taken on appeal notwithstanding a failure to object at trial.

As noted above, the Government may properly charge two or more offenses aris-

---

**2.** *United States v. Stegall*, 6 M.J. 176 (C.M.A. 1979) (assaulting noncommissioned officer and assaulting same noncommissioned officer in execution of his office).

**3.** *United States v. Gibson*, 11 M.J. 435 (C.M.A. 1981) (attempted rape and assault with intent to commit rape).

**4.** *United States v. Walters*, 47 C.M.R. 93 (A.C. M.R.1973).

**5.** *United States v. Stegall, supra.*

**6.** Article 59(a) states: "A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."

**7.** Rule 103, Military Rules of Evidence. By its terms, the rule applies to rulings admitting or excluding evidence.

**8.** Even before the advent of the Military Rules of Evidence, the Court of Military Appeals recognized the principles embodied in the plain error rule. *See, e. g., United States v. Stringer*, 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954); *United States v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974). *But see, United States v.*

*Heflin*, 1 M.J. 131 (C.M.A.1975). It should be noted that a strict interpretation of the plain error rule tends to conflict with Article 66(c) of the Uniform Code of Military Justice which provides that the Court of Military Review may affirm only "such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." *See, United States v. Warren*, 49 C.M.R. 396, 397 (A.C.M.R.1974) (opinion of Judge O'Donnell concurring in the result), *pet. denied*, 23 U.S.C.M.A. 636, 49 C.M.R. 889 (1975). *See also United States v. Drexler*, 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958), where the Court of Military Appeals noted that a Board of Review, our predecessor in title, could dismiss a multiplicious charge as part of its authority to correct errors and insure justice to the accused. *Cf. United States v. Burt*, 45 C.M.R. 557 (A.F.C.M.R.1972).

**9.** Although it is often stated that multiplicity affects only the sentence, multiplicious charges may have adverse collateral consequences regardless of any prejudice as to sentence. *See, United States v. Walters*, 47 C.M.R. 93 (A.C.M. R.1973).

ing out of a single transaction to allow for the vagaries of proof. This is a reasonable multiplication and the charges are not multiplicious. However, once the exigencies of proof are met—e. g., after a guilty plea has been accepted or after findings in a contested case—the need for multiplication ceases and dismissal is appropriate on motion. What are the consequences of the accused's failure to move? The offenses, unlike lesser included and duplicative offenses, are not the "same" offenses. They are separate but related offenses growing out of the same transaction. Consequently, the possibility of adverse collateral consequences is more remote than in the case of a lesser included or duplicate offense. The multiplicity, therefore, would generally not result in a manifest injustice and appellate courts could properly ignore it as to findings.[10]

In the instant case, the offenses were committed in a single transaction. (Indeed, the larceny of one radio and the currency was accomplished in a single act.) In this regard, the Manual for Courts-Martial provides that when "a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons."[11] As findings by exception and substitution would obviate any problems normally encountered by exigencies of proof, there is no need to allege each larceny separately. The charges in this case, therefore, were subject to a motion to consolidate in a single specification. Unlike the case of lesser included and duplicative offenses, the instant case does not involve the same offense charged more than once. As the remedy at trial would be consolidation, not dismissal, the error in charging is likely to affect only the sentence in a given case.[12]

10. The charges, however, could still be multiplicious as to sentence which would not be waived by a failure to object. *See, United States v. Harden*, 1 M.J. 258 (C.M.A.1976).

11. Paragraph, 200a(8), Manual for Courts-Martial, United States, 1969 (Revised edition). In the instant case, there were only two victims—

As the defense failed to object at trial, I agree with the majority that we can ignore the multiplicity as it relates to findings. I agree also that the sentence should be affirmed for the reasons set forth in the majority opinion.

one radio and the currency belonged to one soldier, the other radio belonged to another.

12. It is possible that a fragmentation of a single offense into its component parts would be so egregious as to require corrective action on appeal, notwithstanding a failure to object. This case, however, is not in that category.