UNITED STATES, Appellee,

v.

Private (E–1) Reginald L. GRAY, SSN
246–98–2577, United States
Army, Appellant.

SPCM 16837.

U. S. Army Court of Military Review.

30 July 1982.

O'Donnell, J., concurred in part and dissented in part with an opinion.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain David M. England, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Rexford T. Bragaw, III, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of disrespect to a commissioned officer and communication of a threat, in violation of Articles 89 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 889 and 934 (1976). He was sentenced to a bad-conduct discharge, which was approved by the convening authority.

The charges arose when the appellant pointed his finger at the trial counsel during a previous court-martial and said either "I am going to get you," or "You are going to get it." The language was spoken softly but distinctly to the trial counsel, who had just completed his examination of the appellant's wife concerning an assault by the appellant upon her. The military judge was unaware of the appellant's conduct until the trial counsel informed him of the appellant's threat. The appellant was charged with disrespect by shaking his finger at the trial counsel and saying "I'm going to get you," and with wrongfully communicating a threat to injure the trial counsel by saying "I'm going to get you," or words to that effect.

The appellant contends that he has been denied equal protection of the law since his conduct should have been punished as a contempt under Article 48, Uniform Code of Military Justice, 10 U.S.C. § 848 (1976), which carries a substantially lesser penalty. We find his contention without merit.

■ In the first place, we are not convinced that the softly spoken threat uttered by the appellant to the trial counsel, which was not heard by any other parties to the trial, constitutes the type of disruptive conduct contemplated by Article 48. The language of the military contempt statute has always been more limited than the traditional contempt powers of civilian courts. Article 48 had its genesis in Article 14 of the 1776 Articles of War. Through numerous revisions, the Articles of War and the subsequent Uniform Codes of Military Justice continued to describe the proscribed conduct in terms of menacing words, signs and gestures, disorder or riot. *See generally* McHardy, *Military Contempt Law and Procedure,* 55 Mil.L.Rev. 131 (1972). As pointed out by Winthrop, "Thus language, however disrespectful, if it be not of a minacious character, cannot ... be made the occasion of summary proceedings and punishment as for a contempt—a defect certainly in the statute." Ochstein, *Contempt of Court,* 16 JAG J. 25, 27 (1962), quoting 1 W. Winthrop, *Military Law and Precedents* 463 (2d ed. 1896). In this case there was no menace or affront to the military judge and no disruption. When the trial counsel brought the threat to the attention of the military judge, he chose not to exercise his summary contempt powers.

■ Contrary to appellant's assertion, we do not believe that Article 48 is an exclusive remedy for unlawful conduct which occurs during a court-martial. To the contrary, the Manual recognizes that the court may initiate prosecution instead of contempt proceedings. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 118*a.* The current Manual provision carries forward the traditional concept that a court-martial has the discretion to use the summary contempt power, initiate charges, or report the matter to the proper commander for his action, whichever it considers appropriate for the conduct involved. *See* 1 W. Winthrop, *supra,* at 456; *see also* McHardy, *supra,* at 142. Accordingly, we hold that prosecution in this case was not precluded by Article 48 or paragraph 118 of the Manual.

■ The appellant also contends that the offenses are multiplicious for findings. Since the trial defense counsel failed to raise the issue by timely motion, we hold that the issue was waived. *United States v. Huggins,* 12 M.J. 657 (ACMR 1981).

■ Assuming *arguendo* that waiver does not apply, we are convinced that appellant was not prejudiced. Unlike the circumstances present in *United States v. Gibson,* 11 M.J. 435 (CMA 1981), there is little likelihood that the military judge's failure to dismiss one of the charges resulted in a

more severe sentence. The military judge specifically stated that he considered the offenses multiplicious for sentencing, and we are confident that he was mentally able to consider them as such when he arrived at a sentence. *Cf. United States v. Montgomery*, 20 U.S.C.M.A. 35, 39, 42 C.M.R. 227, 231 (1970) (trial judge presumed to have exercised proper discretion and remain uninfluenced by improper matters on sentencing).

The findings of guilty and the sentence are AFFIRMED.

Judge WERNER concurs.

O'DONNELL, Judge, concurring in part and dissenting in part:

I agree with the majority concerning the appellant's contention that he should have been punished for contempt of court rather than tried for a violation of a punitive article. However, I disagree with respect to the question of multiplicity.

Under the facts of this case, I believe that it was unreasonable to charge the appellant with both disrespect and communicating a threat. As the Manual for Courts-Martial states, one "transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person." Paragraph 26*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). The two offenses of which the appellant stands convicted arose from one transaction. Indeed, the two offenses are factually indistinguishable.

The threat which is the gravamen of the Article 134 offense constitutes the disre-

spect in the Article 89 offense. The offenses in reality are duplicative. This is so even though the specifications contain certain different factual allegations. For example, the disrespect specification alleges, as it must, that the victim was the appellant's superior commissioned officer. This allegation is not in the threat specification. But it is certainly implicit in that specification as the superior commissioned officer is referred to by name and grade. Likewise, the disrespect specification alleges that the appellant shook his finger at the victim, while that allegation is absent from the threat specification. This is inconsequential as the absence of the finger shaking in the threat specification does not change the identical nature of the two specifications. Nor for that matter does the element of conduct prejudicial to good order and discipline which is required only for the threat offense have that effect.

Under the circumstances, the failure of the defense to move to dismiss does not amount to waiver. *See United States v. Gibson*, 11 M.J. 435 (CMA 1981); *United States v. Huggins*, 12 M.J. 657, 659 (ACMR 1981) (concurring opinion).*

Even though I would dismiss the disrespect offense, I agree that under the circumstances the appellant was not prejudiced as to sentence.

* The defense counsel moved for the judge to hold the two specifications multiplicious for purposes of sentencing. While presenting this motion, she also stated that she felt that the appellant should not be found guilty of both offenses. Although the defense counsel was less than precise in this regard, her comments should have put the military judge on notice that corrective action may have been indicated.