**UNITED STATES, Appellee,**

v.

**Specialist Five Robert F. GERMONO, SSN 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, United States Army, Appellant.**

**CM 442908.**

U.S. Army Court of Military Review.

31 Aug. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Paul J. Luedtke, JAGC, and Captain Michael D. Graham, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Daniel N. Velling, JAGC, and Captain Michael E. Pfau, JAGC, were on the pleadings for appellee.

Before CLAUSE, COKER and HANFT, Appellate Military Judges.

OPINION OF THE COURT

COKER, Judge:

The appellant was convicted contrary to his pleas of one specification each of possession of marijuana, sale of marijuana, and possession of marijuana with intent to distribute it, in violation of Article 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 934 (1976). His adjudged sentence to a bad-conduct discharge, confinement at hard labor for twelve months and forfeiture of $500.00 pay per month for twelve months was approved, but confinement in excess of

four months and forfeitures in excess of $367.00 pay per month for nine months were suspended. At a hearing held pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a) (1976), a defense motion to suppress evidence was granted. After commenting (with which the prosecutor agreed) that his ruling was tantamount to dismissing the charge and specifications, the trial judge stated, "the Charge and its Specification[s] are dismissed". Pursuant to Article 62(a), UCMJ, 10 U.S.C. § 862(a) (1976), the convening authority requested the trial judge to reconsider his ruling. On reconsideration, the trial judge reversed his ruling and proceeded with the trial with the resultant conviction. Before this Court, the appellant alleges that the ruling of dismissal by the trial judge amounted to a finding of not guilty and therefore reconsideration was not permissible. We disagree.

It is clear that reconsideration of a dismissal of charges for denial of a speedy trial, *United States v. Ware,* 1 M.J. 282 (C.M.A.1976), lack of jurisdiction, *Mangsen v. Snyder,* 1 M.J. 287 (C.M.A.1976), and failure of a specification to state an offense, *Priest v. Koch,* 19 U.S.C.M.A. 293, 41 C.M.R. 293 (1970), is permissible as the ruling and subsequent dismissal does not amount to a finding of not guilty. These results are consistent with the United States Supreme Court decisions on this issue. *See United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975). Where "the trial is terminated without any submission to either judge or jury as to . . . guilt or innocence" there has been no determination of guilt of innocence and retrial is not barred. *United States v. Scott,* 420 U.S. at 101, 98 S.Ct. at 2199. Such is the case before this Court.

After the appellant entered his pleas, the only evidence presented by the government was a full confessional stipulation. The defense presented no evidence and neither counsel presented argument. The trial judge carefully and completely explained the meaning and effect of the stipulation. Subsequent to announcing the sentence, the trial judge also conducted a searching inquiry of the pretrial agreement that occasioned the stipulation. The evidence submitted to the trial court, to include the testimony of the appellant, provided a complete factual basis for the stipulation. *United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977).

The remaining assignments of error are not meritorious.

The findings of guilty and the sentence are affirmed.*

Senior Judge CLAUSE and Judge HANFT concur.

---

* However, so much of the convening authority's action as directs that the forfeitures will apply to allowances becoming due on and after the date of the action is set aside.