UNITED STATES, Appellee,

v.

Staff Sergeant Clyde Lee HUNT, Jr.,
250–04–9165, United States
Army, Appellant.

ACMR 8600717.

U.S. Army Court of Military Review.

11 June, 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC, Captain Floyd T. Curry, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain George R. Gillette, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial on 26 September 1986. Pursuant to his pleas, he was convicted of making a false official statement (Charge II), disobedience of a lawful general regulation (Charge III), and larceny of funds (Charge V, Specification 2) in violation of Articles 107, 92, and 121, Uniform Code of Military Justice, §§ 10 U.S.C. 907, 892, and 921 (1982) [hereinafter UCMJ], respectively. Four other specifications, involving false claims (Charge I), obstruction of justice (Charge IV), and larceny (Charge V, Specification 1), were dismissed.

Appellant asserts that the court-martial was without jurisdiction to convict appellant of Charges II and III because the findings of guilty were made upon recon-

sideration of the previous dismissal of those charges by the military judge. We disagree.

## I

At a pretrial session, trial defense counsel argued, *inter alia*, that Charge I and its two specifications (false claims) were multiplicious for findings with Charge V, Specification 2 (larceny), and that Charges II and III and their specifications were similarly multiplicious with Charge V, Specification 1 (larceny). Upon questioning by the military judge, the trial counsel noted a conflict of authority on the issue of multiplicity of Charge II and its Specification (false official statement) with Charge V, Specification 1 (larceny) but suggested that the consolidation of Charge I and its specifications with Charge V, Specification 2 and that treating Charge III and its specification as multiplicious with Charge V, Specification 1 would "expedite things." The military judge obtained the agreement from both the trial counsel and defense counsel that, *assuming a provident plea* to Charge V, the other charges and specifications would be dismissed.

■ The appellant then entered pleas of guilty to Charge V and its two specifications and pleas of not guilty to the remaining charges (I–IV) and their specifications. Following the providence inquiry, the military judge found appellant guilty of Charge V and its two specifications. The remaining charges (I–IV) and their specifications were dismissed. Because of statements by appellant made during the sentencing portion of the trial, the military judge determined that appellant's plea of guilty to Specification 1 of Charge V was improvident and entered a plea of not guilty on behalf of the accused to that specification. The military judge noted that Charges I–IV were dismissed contingent on a provident plea of guilty and reinstated the previously dismissed charges. He determined that appellant's plea of guilty to Specification 2 of Charge V remained provident. He found that Charge I and its specifications were multiplicious with Specification 2 of Charge V and, therefore, reaffirmed his dismissal of Charge I and its two specifications.[1] The appellant then entered pleas of guilty to Charges II and III. No evidence was presented as to Specification 1 of Charge V and the military judge dismissed that specification.[2]

## II

■ The Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 907 [hereinafter R.C.M.] sets forth the general rule concerning motions to dismiss. It provides that "a motion to dismiss is a request to terminate further proceedings as to one or more charges and specifications on grounds capable of resolution without trial of the general issue of guilt." *Id.* Initially, a motion to "dismiss" is an appropriate vehicle to address an issue of multiplicious charging, where the specifications or charges are multiplicious for findings.[3] *United States v. Gibson*, 11 M.J. 435, 438 (C.M.A.1981) (Cook, J., concurring in part and dissenting in part). When separately charging a multiplicious offense is not necessary to enable the government to meet the exigencies of proof, a multipli-

---

1. Charge IV was ultimately dismissed in accordance with the pretrial agreement. Appellate Exhibit III.

2. A military judge should either recuse himself or direct a trial with members when an accused's plea is changed from guilty to not guilty after the judge enters a finding of guilty. *United States v. Peterson*, 23 M.J. 828 (A.C.M.R.1986). In the instant case, no *Peterson* issue arises because Specification 1 of Charge V, to which appellant had initially entered a guilty plea, was dismissed.

3. We note that recent guidance by the Court of Military Appeals provides that, where similar offenses occur at the same time and place, separate specifications charging the offenses should be consolidated and the offenses consolidated "are not dismissed." *See, e.g., United States v. Sorrell*, 23 M.J. 122 n. 1 (C.M.A.1986) (specifications alleging distribution of different drugs at same time and place); *United States v. Campbell*, 22 M.J. 99 (C.M.A.1986) (summary disposition) (larceny of property at same time and place from different victims).

cious offense may be dismissed on motion before the plea, or the findings of guilty may be set aside * before sentence. *United ed States v. Stegall,* 6 M.J. 176, 177 (C.M.A.1979), *cited with approval in Gibson,* 11 M.J. at 438. Under such circumstances, the multiplicious offense can be dismissed, "because the dismissed offense may still be affirmed by appellate authorities even if the findings of guilty as to the major offense are disapproved." *Gibson,* 11 M.J. at 438.

The Court of Military Appeals has also noted that a military judge may "reexamine a multiplicity issue *after* an accused has pleaded guilty to charges arising out of a single transaction so that ... some of the doubt as to the facts or the law may thereby have been removed from the case." *United States v. Zupancic,* 18 M.J. 387, 389 (C.M.A.1984) (citation omitted) (emphasis in original). In *Zupancic,* the court reiterated its language from *United States v. Doss,* 15 M.J. 409 (C.M.A.1983), that

> [i]n that situation if the guilty plea were subsequently set aside it would seem arguable that the government would be free to proceed again on the *charges that had been dismissed. See United States v. Cook,* 12 M.J. 448 (C.M.A.1982).

*Zupancic,* 18 M.J. at 389 (quoting *Doss,* 15 M.J. at 413 n. 6) (emphasis added). In *United States v. Williamson,* 19 M.J. 617 (A.C.M.R.1984), *petition denied,* 21 M.J. 24 (C.M.A.1985), this court found the charges (I and II) multiplicious for findings. After setting aside the findings of guilty of Charge II we noted that:

> if any reviewing authority subsequently concludes that prejudicial error has tainted the findings of guilty of Charge I and its Specification and orders these findings set aside, the findings of guilty of Charge II and its Specification can be revived and affirmed without a rehearing.

*Id.* at 619

With the foregoing precedent in mind, we turn to appellant's assertion. In support of his assignment of error, appellant cites the Discussion of R.C.M. 907(a): "[d]ismissal of a specification terminates the proceeding with respect to that specification...." Appellant's brief at 7. Conspicuous by its absence is the remainder of the sentence in the discussion: "unless the decision to dismiss is reconsidered and reversed by the military judge. *See* R.C.M. 905(f)." Rule for Courts-Martial 905(f) provides that "on request of any party or sua sponte, the military judge may reconsider any ruling, other than one amounting to a finding of not guilty, made by the military judge."

■ The language of Rule 905(f) echoes that of Article 62, UCMJ, 10 U.S.C. 862, which allows for the government to appeal orders or rulings of the military judge which terminate the proceedings with respect to a charge or specification or exclude evidence that is substantial proof of a fact material in the proceeding. The Rule for Courts-Martial which provides the procedural guidance under this Article reiterates that "the United States may not appeal an order or ruling that is, or amounts to, a finding of not guilty, with respect to the charge or specification." R.C.M. 908(a); *see also* UCMJ art. 62(a)(1). This court has interpreted the foregoing language: "[t]he fact that jeopardy has attached by the presentation of evidence or empaneling and swearing of the members does not bar the government from its right to appeal." *United States v. Poduszczak,* 20 M.J. 627, 629 (A.C.M.R.1985) (distinguishing the attachment of jeopardy for purposes of government appeals pursuant to 18 U.S.C. § 3731). Only when a court-martial takes action which amounts to a finding of not guilty or an acquittal would the double jeopardy clause be triggered, and the government be prohibited from appealing. *Id.* at 630. Thus, the issue for this court is whether the military judge's initial dismissal of Charges II and III amounted to a finding of not guilty as to those charges, thereby triggering the protection of the Double Jeopardy Clause.

* Corrected.

## III

The ramifications of a ruling which amounts to a finding of not guilty are clear. The purpose and underlying idea of the Double Jeopardy Clause of the Constitution is to insure that

> the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957).

Originally, the Double Jeopardy Clause prevented the retrial of a person who had been acquitted, convicted, or pardoned for the same offense. In *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), the Supreme Court held that only a defendant who had been acquitted at the original trial could claim the protection of the Double Jeopardy Clause, and that there was no bar to prosecuting defendants who had been convicted at the initial trial. *United States v. Scott,* 437 U.S. 82, 88–89, 98 S.Ct. 2187, 2192–2193, 57 L.Ed.2d 65 (1978). Subsequent to its ruling in *Ball,* the Court affirmed the right of a defendant who had been acquitted to be free from facing retrial on the same offense. *Kepner v. United States,* 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904); *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). This prohibition against retrying a defendant on charges upon which he has been acquitted, whether based on a jury verdict or on a ruling by the court that the evidence is insufficient to convict, is one of the "two venerable principles of double jeopardy jurisprudence." [4] *Scott,* 437 U.S. at 91, 98 S.Ct. at 2193. *Cf.* UCMJ art. 44(a), 10 U.S.C. § 844(a) (no person may, without his consent, be tried a second time for the same offense); UCMJ art. 44(b) (no proceeding in which an accused has been found guilty is a trial under the Article until the finding has become final after complete review).

In determining when a ruling amounts to a finding of not guilty for purposes of retrial, the Supreme Court has stated that "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" *Scott,* 437 U.S. at 97, 98 S.Ct. at 2197 (quoting *Martin Linen,* 430 U.S. at 571, 97 S.Ct. at 1355) (brackets in original). An appeal by the Government is only barred when it is clear that the "District Court ... evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction." *Id.* (quoting *Martin Linen,* 430 U.S. at 572, 97 S.Ct. at 1355).[5]

In regard to when a military judge may reconsider a dismissal, this court has noted that the following rulings by the Court of Military Appeals are consistent with the rationale expressed in *Scott,* and the dismissal did not amount to a finding of not guilty: reconsideration of a dismissal of charges for denial of a speedy trial, *United States v. Ware,* 1 M.J. 282 (C.M.A.1976); lack of jurisdiction, *Mangsen v. Snyder,* 1 M.J. 287 (C.M.A.1976); and failure of a specification to state an offense, *Priest v. Koch,* 41 C.M.R. 293 (C.M.A.1970). *United States v. Germono,* 16 M.J. 987, 988 (A.C.M.R.1983). *See also United States v. Ermitano,* 19 M.J. 626 (N.M.C.M.R.1984) (dismissal of charge due to fatal defect did not amount to a finding of not guilty). To the

---

**4.** The other principle being the successful appeal of a judgment of conviction, on grounds other than insufficiency of the evidence, does not bar further prosecution on the same charge.

**5.** In *Scott,* the Court ultimately held that, where a defendant seeks to have the trial terminated without submission to either judge or jury as to his guilt or innocence, an appeal by the Government is not barred. 437 U.S. at 101, 98 S.Ct. at 2199.

foregoing may be added the category of dismissals due to multiplicious charging.

 The *ratio decidendi* for combining charges due to "findings" of multiplicity is that the underlying conduct which forms the basis for the remaining charge, upon which the accused has been found guilty, also describes the conduct underlying the charge which has been dismissed. There is, simply put, no ruling in the accused's favor concerning the factual elements of the charge which is dismissed. The prosecution of the underlying facts has not been terminated. Thus, the dismissal of a charge which is deemed multiplicious with another charge upon which an accused has been found guilty, "amounts," if anything, to an acknowledgment of the underlying facts in the dismissed charge.

It is clear in this case that the trial counsel's acquiescence as to the dismissals was based on the appellant's admissions on the record and in the Stipulation of Fact. Further, the military judge's initial decision to dismiss the charges was contingent upon a finding that the appellant's pleas of guilty to Specifications 1 and 2 of Charge V were provident, with both parties agreeing to the contingency. Unless the government could proceed on Charges II and III, then, because of the improvidence of appellant's plea to Specification 1 of Charge V, he would escape accountability for signing a false official statement and violating a lawful general regulation; both crimes to which there has been a judicial confession, and no prior acquittal. As noted by Chief Justice Everett under analogous circumstances, "Justice would not be served by such an outcome...." *United States v. Cook*, 12 M.J. at 455.[6]

The appellant, well aware that the dismissals were contingent upon his plea being provident, should not be heard to complain that he was either disadvantaged by the military judge's ruling, or that the purposes underlying the Double Jeopardy Clause were affronted. Reconsideration of

the ruling hardly enhanced the possibility that "even though innocent" he would be found guilty. Further, we see no reason to hold that what can be done at the appellate level under similar circumstances cannot be done at the trial level. The military judge's decision to dismiss the multiplicious charges contingent upon a provident plea both advances the interests of justice and promotes judicial economy.

Upon review of the entire record, the findings of guilty and the sentence are affirmed.

Judges LYMBURNER and SMITH concur.

---

6. In *Cook*, the government had withdrawn charges pursuant to a pretrial agreement. Cook's guilty plea was later ruled improvident by the U.S. Navy Court of Military Review, and he was retried on the withdrawn charges.