UNITED STATES, Appellee,

v.

Private (E–2) Eugene L. BIGLEGGINS, SSN 517–84–8101, United States Army, Appellant.

SPCM 16141.

U. S. Army Court of Military Review.

19 Feb. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Robert C. Rhodes, JAGC, and Captain Peter R. Huntsman, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. De-Busk, JAGC, and Captain Daniel T. Hartnett, JAGC, were on the pleadings for appellee.

Before FULTON, McKAY and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Judge:

The appellant was convicted, contrary to his pleas, by a special court-martial (judge alone), of disrespect to a noncommissioned officer (two specifications), assault on a noncommissioned officer, dereliction of duty (two specifications), failure to obey an order, assault with a dangerous weapon (a loaded M–16 rifle), incapacitation for duty due to previous indulgence in intoxicating liquor and breaking restriction. He was sentenced to a bad-conduct discharge, confinement for five months, to forfeit $334.00 pay per month for five months, and reduction to Private E–1. The convening authority approved the sentence.

Two assignments of error are asserted by the appellant and we note an error which has not been addressed. First, the appellant contends that the evidence is insufficient to support findings of guilty to Charge III and its specification (assault

with a dangerous weapon), and Charge IV, Specification 1 (incapacitation for duty). We note in addition that the restriction, which the appellant was convicted of breaking, was imposed by a noncommissioned officer and there is no showing that he was delegated such authority.

The appellant and Private Edmands were issued equipment, including rifles and ammunition, necessary to perform their duties as guards in an ammunition storage area. While performing their duties there was a verbal exchange between them because of the "rowdy" manner of the appellant. Shortly afterwards Private Edmands heard the "click, click" sound of "a lock and load on the M–16." He looked over his shoulder to see appellant aiming his M–16, with magazine inserted, at him. Edmands became frightened and ran. Later the rifle and ammunition were recovered from appellant and he was found to be short by one round. The missing round was subsequently found on a road that was used by the two guards in the storage area. With respect to the incapacitation charge, the testimony of two noncommissioned officers who observed the appellant establish that he was unable to participate in morning exercises, smelled of alcohol, slurred his words, had glassy red eyes, and appeared both stuporous and drunk. We are convinced that the evidence establishes beyond reasonable doubt that the appellant committed both challenged offenses and we will not disturb the findings of guilty to them.

■ In our review of the appellant's conviction of breaking restriction we note the only evidence presented by the government to establish that he was placed on restriction by proper authority was a stipulation of the expected testimony of Command Sergeant Major Parks. The stipulation states that the restriction was imposed by the Command Sergeant Major. It is totally silent, as is the remainder of the record, regarding delegation of authority to restrict which may have been given to the Sergeant Major by any commander. The record is also silent with respect to notification to, or ratification by a commander of the restriction, or that Command Sergeant Major Parks assumed command or acted as commander at any time during the absence of the commander. Thus there is no evidence establishing that Parks had authority to impose the restriction.

No provision in the Uniform Code of Military Justice, except Article 15 (nonjudicial punishment), specifically provides for restriction, either punitive or administrative. *United States v. Haynes*, 15 U.S.C.M.A. 122, 35 C.M.R. 94 (1964).[1] The Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM), however, contains numerous provisions for imposition of restriction. It may be imposed as a sentence by a court-martial,[2] and paragraphs 20b, 21d, and 174b, provide for its imposition in lieu of arrest, or in the interest of training, discipline, or medical quarantine. *United States v. Gentle*, 16 U.S.C.M.A. 437, 37 C.M.R. 57 (1966). If it does not fall within one of the stated categories it cannot be lawfully imposed. *United States v. Haynes, supra.*

In this case restriction in lieu of arrest was authorized by paragraph 20b, MCM. That provision authorizes imposition of restriction of an accused person, but only by "an officer authorized to arrest." Paragraph 21a (2), MCM, however, provides that a commanding officer may authorize noncommissioned officers to order enlisted members of his command or under his authority into arrest[3] or confinement. The evidence does not establish that Command Sergeant Major Parks was delegated authority to impose restriction. Accordingly,

---

1. But see, the dissenting opinion of Judge Lattimer, in *United States v. Johnson*, 9 U.S.C. M.A. 591, 595, 26 C.M.R. 371, 375 (1958), which opines that administrative restriction to assure a suspect's "continued presence pending investigation" is authorized by Article 9, Uniform Code of Military Justice, 10 U.S.C. § 809 (1976), which defines "arrest" and "confinement."

2. Paragraph 14, 15 and 16, MCM.

3. Restriction is a lesser restraint than arrest. *United States v. Haynes, supra.*

we find that the government failed to establish that the appellant's restriction was duly imposed by proper authority and we hold it to have been unlawful. *United States v. Swanson*, 38 C.M.R. 803 (AFBR 1967). We will set aside the findings of guilty to this offense.

The findings of guilty of Additional Charge II and its Specification is set aside and the Charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

Senior Judge FULTON and Judge COHEN concur.