UNITED STATES, Appellee,

v.

Specialist Four Lionel R. LOCKE, SSN 336–54–7202, United States Army, Appellant.

SPCM 17440.

U.S. Army Court of Military Review.

11 July 1983.

Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, JAGC, and Captain Joel R. Maillie, JAGC, were on the pleadings for the appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Gary L. Hoffman, JAGC, were on the pleadings for the appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

In consonance with his pleas, appellant was convicted of wrongful communication of a threat, attempted aggravated assault,

aggravated assault, willful damage to military property, willful disobedience of a commissioned officer and absence without leave, in violation of Articles 134, 80, 128, 108, 90 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 880, 928, 908, 890 and 886 (1976), respectively. Appellant's sentence to a bad-conduct discharge, confinement at hard labor for seventy-five days, forfeiture of $200.00 pay per month for six months and reduction to the lowest enlisted grade was approved by the convening authority; pursuant to a pretrial agreement, the convening authority suspended execution of the sentence to a bad-conduct discharge.

Appellant was arraigned on and pled guilty to a specification charged under Article 128 of the Code alleging that he committed

> an assault upon Sergeant William C. Camlin by grabbing a dangerous weapon, to wit: a loaded revolver, in the holster worn by the said Sergeant William C. Camlin, attempting to pull it out of said holster, and saying to him, "If I get that gun I will kill you all," or words to that effect.[1]

## I

During the inquiry into his pleas, appellant said that he was apprehended for larceny by two military policemen, Sergeants Miller and Camlin, who took him to their office for interrogation. There, appellant made an exculpatory but unconvincing statement. As appellant attempted to leave, he was ordered not to go and to move to an adjacent room. His refusal was met with physical force as the military police attempted to guide him into the room. In the ensuing struggle, appellant attempted to remove Camlin's revolver from its holster

but Camlin knocked his hand away. Appellant admitted that if he had gained possession of the revolver he would have used it in any manner necessary to effect his escape.

The military judge accepted appellant's plea and found him guilty of assault with a dangerous weapon. During presentencing, the military judge said he was "bothered" by appellant's plea and questioned whether there was an adequate legal and factual basis for it. He concluded that appellant could plead providently only to the offense of attempted assault with a dangerous weapon. The military judge then conducted a supplemental plea inquiry and found appellant guilty, by exceptions and substitutions, of attempted assault with a dangerous weapon, in violation of Article 80 of the Code.[2] Appellant now contends that military law does not recognize the offense of attempted assault and, even if it does, his admissions during the plea inquiry do not permit us to affirm. We disagree.

## II

 Initially we note that, contrary to the assumption of all parties at the trial, the original specification does not state the offense of assault with a dangerous weapon as it fails to allege that the assault was with a dangerous weapon or other means likely to produce death or grievous bodily harm. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 207c(1); see United States v. Yoakum, 8 M.J. 763, 771 (A.C.M.R.), aff'd, 9 M.J. 417 (C.M.A.1980) (summary disposition), citing with approval United States v. Bush, 47 C.M.R. 532, 535 (C.G.C.M.R.1973); United States v. Schroder, 47 C.M.R. 430, 434 (A.C. M.R.1973). This matter need detain us only

---

1. The specification also alleged that Sergeant Camlin was a military policeman in the execution of his duties, but this language was excised before findings of guilty were entered.

2. The specification reads as follows:
 In that Specialist Four Lionel R. Locke, U.S. Army, 204th Military Police Company, did, at Building 81, Fort Sheridan, Illinois, an installation under exclusive military control, on or about 23 August 1981, attempt to commit an assault with a dangerous weapon upon Sergeant William C. Camlin, by grabbing a dangerous weapon, to wit: a loaded revolver, in the holster worn by the said William C. Camlin, attempting to pull it out of said holster, and saying to him, "If I get that gun I will kill you all," or words to that effect.

briefly. The specification states all the elements of the offense of attempted assault with a dangerous weapon, i.e., that appellant committed an act which amounted to more than mere preparation with the specific intent to commit the intended offense. Manual For Courts-Martial, United States, 1969 (Revised edition), paragraph 159; *see United States v. Marshall,* 18 U.S.C.M.A. 426, 429, 40 C.M.R. 138, 141 (1969). The fact that the offense was misdescribed as a violation of Article 128 of the Code is of no import as the offense of attempted assault was adequately alleged and appellant was not misled. *See United States v. Bey,* 4 U.S.C.M.A. 665, 16 C.M.R. 239 (1954); *United States v. Crawford,* 44 C.M.R. 342, 345 (A.C.M.R.1971); *see also United States v. Schwarz,* 15 M.J. 109, 112 (C.M.A.1983); *United States v. Mayo,* 12 M.J. 286, 289 (C.M.A.1982).

### III

■ The appellant asserts that attempted assault is not an offense in the military. We disagree. "An assault is an attempt or offer with unlawful force or violence to do bodily harm to another.... [An] offer to do bodily harm to another ... is a putting of the other in reasonable apprehension that force will at once be applied to his person." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 207a; *United States v. Hand,* 46 C.M.R. 440, 442 (A.C.M.R.1972); *see generally United States v. Pittman,* 42 C.M.R. 720, 722 (ACMR), *pet. denied,* 20 U.S.C.M.A. 637, 42 C.M.R. 356 (1970). If an assault is charged as an attempt to do bodily harm, the authorities are divided as to whether an attempt to commit an assault is an offense. *Compare, e.g., In re M.,* 9 Cal.3d 517, 108 Cal.Rptr. 89, 510 P.2d 33 (1973); *Allen v. People,* 175 Colo. 113, 485 P.2d 886 (1971); *State v. Davis,* 108 N.H. 158, 229 A.2d 842 (1967) (there can be no crime of an attempt to commit an attempt), *with State v. Wil-*

*son,* 218 Or. 575, 346 P.2d 115 (1959); *Miller v. State,* 37 Ala.App. 470, 70 So.2d 811 (1954) (attempted assault is an offense). *See generally* LaFave and Scott, *Criminal Law* § 59 at 426 (1972); 4 C. Torcia, *Wharton's Criminal Law* § 741 (14th edition 1981); 6A C.J.S. *Assault and Battery* §§ 82 and 106 (1975); Annot., 79 A.L.R.2d 597 (1961).[3]

■ On the other hand, if an attempted assault is prosecuted on the theory that an accused tried but failed to offer violence to and frighten the victim, one commentator has stated that "there would appear to be no conceptual difficulty in finding [an accused] ... guilty of an attempt to commit an assault." 4 C. Torcia, *supra* at § 741 (footnote omitted). We find this theory persuasive and hold that attempted assault by offer to do bodily harm is an offense under military law.

### IV

■ Applying this holding to the instant case, we find appellant's plea of guilty to attempted assault with a dangerous weapon provident. Appellant stated that if he had gained possession of the loaded revolver he would have pointed it at the military policemen, an act which, under the circumstances, would have constituted an assault with a dangerous weapon by offer. *United States v. Bigleggins,* 12 M.J. 901 (A.C.M.R.1982); *United States v. Parker,* 11 M.J. 757 (N.M. C.M.R.1981); *United States v. Polk,* 1 M.J. 1019 (N.C.M.R.1976), *pet. denied,* 2 M.J. 198 (C.M.A.1977). Furthermore, we hold that appellant's act of grabbing for the revolver was more than mere preparation and was a direct movement towards the commission of the offense. *See United States v. Johnson,* 7 U.S.C.M.A. 448, 453–54, 22 C.M.R. 278, 283–84 (1957); *United States v. Polk, supra; United States v. Emerson,* 16 C.M.R. 690, 697–98 (A.F.B.R.1957).

---

**3.** If the gravamen of an assault is negligent conduct, there is no question that one cannot commit the offense of attempted assault. *United States v. Pittman,* 42 C.M.R. at 472 n. *; see also United States v. Roa,* 12 M.J. 210, 213 (C.M.A.1982); *People v. Jackson,* 49 App. Div.2d 680, 370 N.Y.S.2d 739 (1975) (there can be no attempt to commit involuntary manslaughter by culpable negligence).

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge FOREMAN concur.