**UNITED STATES**

v.

**Staff Sergeant David L. HARDER, FR 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 United States Air Force.**

**ACM 23677 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 May 1982.

Decided 30 Dec. 1983.

---

* *See generally Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

FORAY, Senior Judge:

This case is again before us for review.

On 18 January 1983, this Court affirmed the findings of guilty and sentence in the case. Unpublished opinion: *United States v. Harder,* ACM 23677 (A.F.C.M.R. 18 January 1983). Thereafter, the accused exercised his right to petition the Court of Military Appeals for a grant of review in his case. Uniform Code of Military Justice, Article 67(b)(3), 10 U.S.C. § 867(b)(3). On 18 May 1983, that Court granted the accused's petition for review [1] on the following issues raised by appellate defense counsel:

I. Whether the appellant can lawfully be found guilty of both an Article 108 and an Article 121 offense involving the same government (sic) property.

II. Whether such deprivations as lack of prompt clemency consideration and inability to qualify for parole because of delayed designation of the place of confinement can ever constitute prejudice within the meaning of *United States v. Banks,* 7 M.J. 92 (C.M.A.1979), and *United States v. Clevidence,* 14 M.J. 17 (C.M.A.1982).

On 24 June 1983, appellate Government counsel moved before the Court of Military Appeals for a remand of the case to this Court and, in the alternative, for other relief. The Court of Military Appeals granted appellee's motions on 7 September 1983, and returned the record of trial to the Judge Advocate General for remand to this Court for further review.[2] Appellee had urged remand was necessary because the

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

---

1. *United States v. Harder,* 16 M.J. 130 (C.M.A. 1983) (Daily Journal).

2. *United States v. Harder,* 16 M.J. 415 (C.M.A. 1983) (Daily Journal).

following factual disputes as to Issue II had not been previously resolved by this Court:

a. Whether appellant's delayed arrival at the Disciplinary Barracks affected his actual versus regulatory parole eligibility.

b. Whether appellant's denial of parole [was] due to lack of observation time available or due to his own conduct.

I

At trial the accused had been convicted, among other offenses, of stealing copper tubing and other military property at divers times between 1 January and 31 October 1981 and of wrongfully selling some of that copper tubing on 15 October 1981. During the sentencing portion of the trial the accused's counsel requested the military judge to consider the larceny and wrongful sale offenses as multiplicious for sentencing purposes. (Charge I and Charge II) The request was denied. The question of multiplicity for sentencing was not raised by trial defense counsel in his *Goode*[3] response to the staff judge advocate's review nor was it raised before this Court at its initial review. The question of multiplicity for purposes of findings regarding these offenses was not raised at all until after this Court's original review of the case.

It is clear that an accused may be charged and found guilty of multiple charges arising out of the same act or transaction. The Manual for Courts-Martial, 1969 (Rev.), paragraph 26*b* provides:

One transaction, or what is substantially one transaction, should not be made the basis for an *unreasonable* multiplication of charges against one person .... There are times, however, when sufficient doubt as to the facts or law exists to warrant making one transaction the basis for charging two or more offenses. (Emphasis supplied).

As to findings, M.C.M., paragraph 74*b* (4) states, regarding offenses arising out of the same act or transaction:

The accused may be found guilty of two or more offenses arising out of the same act or transaction without regard to whether the offenses are separate.

This latter rule is not without its exceptions and the Court of Military Appeals has attempted to carve them out within the purview of the Constitution and the U.C. M.J. *United States v. Baker*, 14 M.J. 361 (C.M.A.1983); *United States v. Doss*, 15 M.J. 409 (C.M.A.1983); *United States v. Allen*, 16 M.J. 395 (C.M.A.1983); Article 79, U.C.M.J., 10 U.S.C. § 879. The attempts to explain the principles applicable in treating multiple charges arising out of one transaction leave us at sea.

In *Doss, supra*, the Court of Military Appeals recognized the confusion existing in its precedents in the matter and offered further comment. Examples were provided where, as a matter of law, an accused would be entitled to dismissal of certain charges because of multiplicity. These were:

1. Where conviction on multiple offenses involved inconsistent findings of fact. *See, e.g., United States v. Cartwright*, 13 M.J. 174 (C.M.A.1982).

2. Where there was a conviction of two offenses which were identical crimes, one finding would have to be set aside. *United States v. Gibson*, 11 M.J. 435 (C.M.A.1981).

3. Where there is a conviction of two offenses arising out of the same transaction where one offense is lesser included with the other. *See, e.g., United States v. Stegall*, 6 M.J. 176 (C.M.A.1979); *accord, United States v. Mallery*, 14 M.J. 212 (C.M.A.1982); *United States v. Neverson*, 11 M.J. 153 (C.M.A.1981).

 Applying these principles to the case before us we find that there was no "unreasonable multiplication" of charges when the convening authority ordered the accused tried for larceny and for the

---

**3.** *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1 (1975).

wrongful sale of some of the military property stolen. *United States v. Middleton,* 12 U.S.C.M.A. 54, 30 C.M.R. 54 (1960); M.C.M., paragraph 26*b.* The resultant conviction of the accused of these offenses did not involve inconsistent findings of fact; they were not identical crimes; and one offense was not lesser included within the other. *United States v. Baker, United States v. Doss, United States v. Allen,* all *supra.* In this latter regard, where both offenses arise out of one act or transaction, one offense may be lesser-included within the other in two situations:

> First, where one offense contains only elements of, but not all the elements of the other offense; second, where one offense contains different elements as a matter of law from the other offense, but these different elements are fairly embraced in the factual allegations of the other offense and established by evidence introduced at trial.

*United States v. Baker, supra.* Our evaluation of the language of the two specifications before us compels the conclusion that neither of the two *Baker* tests have been met. *United States v. Holt,* 16 M.J. 393 (C.M.A.1983); *United States v. Allen, supra; United States v. Glover,* 16 M.J. 397 (C.M.A.1983); *see United States v. Murphy,* 18 U.S.C.M.A. 571, 40 C.M.R. 283 (1969).

Having found that the accused was properly convicted of larceny and wrongful sale of military property we must next determine whether he was properly punished separately for each offense. M.C.M., paragraphs 74*b* (4) and 76*a* (5).

At trial the prosecution successfully offered the accused's pretrial statement into evidence. In it the accused said he "picked up a couple containers of copper tubing" on 14 October 1981. At that time he was informed that there would be a larger quantity of the tubing to be later entered into the base "salvage" system. The accused went on to say in the statement:

> I asked the individual to hold on to the copper so that I could make arrange-

ments to disburse the copper downtown and that it would be sold for salvage.

■ In our view the accused's pretrial statement along with other evidence leads us to conclude that the offenses of larceny and wrongful sale of military property were committed by the accused as the result of a single impulse or intent. *United States v. Baker; United States v. Holt; United States v. Allen; United States v. Glover; United States v. Murphy,* all *supra;* M.C.M., paragraph 76*a* (5)(*b* ). As a result, it was error to the substantial prejudice of the accused for the military judge to refuse trial defense counsel's request to have the two offenses considered multiplicious for sentencing purposes.

II

The second claim of error averred by appellate defense counsel preconceives a prejudicial delay in the post-trial processing of this case. We do not agree.

Trial proceedings in this case concluded on 27 May 1982. The record of trial was prepared and assembled by the court reporter on 13 July 1982 and consisted of 244 typewritten pages and 50 separately marked exhibits. The record was forwarded from the court reporter's place of duty to the place of trial and was received there 17 July. There, further assembly of the record took place. When accomplished the record was returned to the court reporter on 4 August, mainly for identification of the numerous photographic exhibits. On 10 August the record was then forwarded to the military judge at still another installation for his authentication. Authentication was accomplished 22 August, and the record was received back at the place of trial on 24 August, where further assembly and the addition of allied papers took place. The accused was served with his copy of the record on 31 August, and the record was then sent to the convening authority at yet another installation. It was received there 7 September. The staff judge advocate's review was completed 23 September, forwarded to the accused's counsel that same day for his *Goode* comments, and

received by him 28 September. Counsel's *Goode* comments were prepared and transmitted to the staff judge advocate on 1 October. An addendum to the staff judge advocate's review was prepared and the record and all pertinent allied papers submitted to the convening authority for his initial action on the findings and the sentence in the case. His action, dated 8 October 1982, included the designation of the United States Disciplinary Barracks, Fort Leavenworth, Kansas, as the temporary place of confinement of the accused while awaiting appellate review of his case.[4] Thus, 134 days were consumed from trial's end to the convening authority's action.

In *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), the Court of Military Appeals announced:

> A presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial.

Five years later that Court held that in all cases tried subsequent to 18 June 1979, the inflexible rule of *Dunlap* will not be applied but applications for relief resulting from delays of final actions by convening authorities will be tested for prejudice. *United States v. Banks; supra. United States v. Clevidence, supra; United States v. Shely*, 16 M.J. 431 (C.M.A.1983).

■ Based on the chronology of the events involved in the post-trial processing of this case we do not find any "intolerable" or "inordinate unexplained delay" which was condemned in *Dunlap, Clevidence, and Shely*. In fact, the length of the record, number of exhibits, separate locations of those involved in the post-trial process, and other attempts made to have an accurate record of proceedings convince us the case was thus processed with relative dispatch. Consequently, it may not be said there was a delayed designation by the convening authority of the place of confine-

ment of the accused. Simply stated, no intolerable, inordinate, unexplained delay in the post-trial process existed here causing prejudice to the accused.

Because of our decision we need not address the question in this assigned error as to whether an undue delay in the designation of a place of confinement "can ever" constitute prejudice within the meaning of *Banks* and *Clevidence*. To so do would, in any event, require this Court to engage in gossamer speculation.

Also, because of our finding as to issue II, we need not address the unresolved "factual disputes" alleged by appellee in its motion for remand.

■ We again affirm the findings of guilty. We are not convinced the sentence adjudged would have been the same had Charges I and II been considered multiplicious for punishment purposes. We, therefore, reassess the sentence and find appropriate only so much as provides for bad conduct discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances, and reduction to the grade of airman basic. The sentence as thus modified is also affirmed.

SNYDER and O'HAIR, Judges, concur.

UNITED STATES

---

**4.** Articles 58(a) and 60, U.C.M.J., 10 U.S.C. §§ 858(a), 860; M.C.M., paragraphs 89*c*(6) and 93; Air Force Regulation 125–18, (1 Feb. 1980), paragraph 5–6.