**UNITED STATES, Appellee,**

**v.**

**Private First Class Angel L. VAZQUEZ, (Arraigned as Angel L. Vasquez), SSN 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, United States Army, Appellant.**

**SPCM 19388**

U.S. Army Court of Military Review.

29 June 1984.

Lieutenant Colonel William P. Heaston, JAGC, Captain L. Sue Hayn, JAGC, and Captain Barry Rothman, JAGC, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Captain Andrew D. Stewart, JAGC, and Captain Jan M. Wamsted, JAGC, were on the pleadings for the appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, appellant was convicted of unlawfully selling, transferring, and possessing marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His approved sentence provides for a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $381.00 pay per month for four months, and reduction to Private E–1.

Appellant prays that we set aside his conviction of the transfer offense since it was based upon an out-of-court statement which was improperly admitted into evidence under the statement against interest exception to the hearsay rule. Military Rule of Evidence 804(b)(3). The statement in question was made by the individual to whom appellant transferred the marijuana

and was introduced through the testimony of a criminal investigator. We affirm.

At about 1900 hours, 30 September 1982, appellant visited the billets room shared by Privates Green and Bailey for the purpose of selling marijuana to them. At trial, Green testified that appellant sold him "a stapled brown packet" containing marijuana in loose-leaf form for $20.00. He noticed that appellant had two or three similar packets. Green believed appellant sold one or more of the packets to Bailey but could not attest to that belief because he did not witness an exchange between them. Bailey also testified but asserted his privilege against self-incrimination by refusing to answer questions about his role as a purchaser or transferee. According to Bailey, appellant came into the room with several "yellow" packets of marijuana and sold them to Green. Shortly after appellant left their room, at about 1930 hours, Green and Bailey were apprehended and the packets of marijuana were taken from them by military criminal investigators. One of the investigators, Special Agent Lane, described those packets as "small brown paper type ... stapled shut" containing marijuana in loose-leaf form.

Bailey's refusal to answer questions about the drug transaction with appellant compelled the prosecution to prove the charged offense through Agent Lane's testimony. Lane's knowledge of appellant's involvement was based upon a statement made to him by Bailey the following morning. At the time, Bailey came to Lane's office where, after he was properly warned of and waived his rights, he orally confessed to purchasing marijuana from appellant. The record is silent as to whether the confession was made under oath. Specifically, Bailey said that he gave appellant two packets of hashish for two packets of marijuana. Appellant objected to Lane's testimony as hearsay evidence, but the military judge admitted it pursuant to Military Rule of Evidence 804(b)(3).[1]

---

1. Rule 804(b)(3) reads:

(b) *Hearsay exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

Once again we are confronted with the question of whether a statement against penal interest from an unavailable declarant which inculpates the accused is admissible. Last year, in *United States v. Robinson*, 16 M.J. 766 (A.C.M.R.1983), we considered this precise question. After determining that such statements, whether exculpatory or inculpatory, are admissible if they are corroborated by circumstances clearly indicating their trustworthiness, we held that the statement in question—a sworn, written confession from Robinson's accomplice—was insufficiently corroborated by independent evidence to warrant its admission into evidence.

In the case before us, unlike *Robinson*, Bailey's confession has little intrinsic indicia of trustworthiness but it is independently corroborated. The confession was not in writing, was apparently unsworn, and, although voluntary under *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967), and Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831, was rendered suspect by the conditions under which it was made. Bailey's apprehension while in possession of marijuana the day before assured his conviction of that offense if he was prosecuted. Consequently, it appears he had nothing to lose and everything to gain by furnishing criminal investigators with evidence implicating appellant as a drug dealer. On the other hand, extrinsic evidence corroborates Bailey's confession. Green's testimony established that appellant was in his billets room selling loose-leaf marijuana in brown paper packets sealed with staples. Agent Lane testified that at least one packet matching that description was taken from Bailey when he was apprehended shortly after appellant left his room. We conclude from the foregoing testimony that appellant transferred marijuana to Bailey in the manner set forth by Bailey in his confession to Agent Lane.

The absence of independent corroborating evidence was fatal to the admissibility of the confession in *Robinson*, notwithstanding the intrinsic indicia of trustworthiness. Here, the evidence which independently corroborates Bailey's confession guarantees its reliability and trustworthiness. Accordingly, the statement was properly admitted.

The findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge YAWN concur.

....
(3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the position of the declarant would not have made the statement unless the person believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.