## UNITED STATES

v.

**Airman First Class Bruce R. STAPLES, FR 526–63–3912, United States Air Force.**

**ACM 24484.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 May 1984.

Decided 14 Dec. 1984.

## DECISION

PER CURIAM:

Appellant was convicted of possession of .04 grams of marijuana and three specifications of distributing marijuana. The evidence regarding two of the distribution specifications showed that, on 22 November 1983, an informant arranged to purchase some marijuana from appellant. When the informant arrived at appellant's barracks room he encountered Airman Hornburg. After the two of them entered

the room, appellant took out some marijuana and weighed it. He gave the informant a bag containing 12.3 grams of marijuana and he divided the remaining marijuana between himself and Hornburg. For these events the appellant was charged and convicted, in separate specifications, of wrongfully distributing 12.3 grams of marijuana and wrongfully distributing "an unknown quantity of marijuana."

■ Appellate defense counsel argue, *inter alia*, that, because the two distributions on 22 November 1983 occurred at the same time and place, they should be combined into one specification. They cite *United States v. Morris*, 18 M.J. 450 (C.M.A.1984). The government cites *United States v. Marvin*, ACM 24195 (A.F.C.M.R. 9 March 1984) (unpublished opinion), in which we held that two distributions of marijuana at the same time and place were not multiplicious for punishment purposes. We find the defense's argument to be without merit.

Because the opinion in *Morris* focuses on the application of paragraph 26 *b*, Manual for Courts-Martial, 1969 (Rev.), we interpret appellant's complaint to be that the charges were unreasonably multiplied in violation of that paragraph. Paragraph 26 *b* provides that "[o]ne transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges." According to the Court of Military Appeals, "[t]his type of provision is designed in part to prevent certain abuses of prosecutorial power which might embarrass or confound the accused in his defense at trial." *United States v. Baker*, 14 M.J. 361, 365, citing *Pointer v. United States*, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894).

Under this paragraph the first concern is whether the charges arise from "one transaction, or what is substantially one transaction." The two distributions in this case clearly occurred within moments of each other at the same location and involved similar acts. We, therefore, find that both charges arose from one transaction. *Unit-ed States v. Ompad*, 15 U.S.C.M.A. 593, 36 C.M.R. 91 (1966).

The next question is whether referral of both charges constituted a "multiplication of charges." *United States v. Baker*, 14 M.J. at 366 (C.M.A.1983). The Court of Military Appeals has said that, within the meaning of paragraph 26*b*, multiplication of charges occurs when: (1) the offenses charged stand in the relationship of greater and lesser offenses; *Baker*, 14 M.J. at 366, citing *Legal and Legislative Basis, Manual for Courts-Martial, United States*, 1951, p. 41; *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); (2) where the charges are parts of an indivisible crime as a matter of civilian or military law; *Baker*, 14 M.J. at 366, citing *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); or (3) where both charged offenses are different aspects of a continuing course of conduct prohibited by one statutory provision. *Baker*, 14 M.J. at 366, citing *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952) and *Ex Parte Snow*, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658 (1887). *See also United States v. Doss*, 15 M.J. 409 (C.M.A.1983); *United States v. Harder*, 17 M.J. 1058 (A.F.C.M.R. 1983).

The two offenses in question in this case do not stand in the relationship of greater and lesser, *Baker, supra; United States v. Duggan*, 15 C.M.R. 396 (1954); Article 79, U.C.M.J., 10 U.S.C. § 879; and para. 158, M.C.M., 1969 (Rev.), nor are they parts of an indivisible crime as a matter of law. *See Prince, supra*. Although the appellant may be said to have engaged in conduct which, in a chronological sense, had continuity, he was not engaging in a "continuing course of conduct" as that phrase is used in the context of multiplicity. Paragraph 213*g* of the Manual for Courts-Martial does not create the offense of engaging in the business of distributing drugs or operating a drug exchange center. It prohibits delivery of possession of drugs from one person to another. Paragraph 213 *g* (3), M.C.M. Delivery of drugs is not the sort of conduct which, once begun, inher-

ently continues or inherently includes delivery to additional recipients until some affirmative decision or action is taken to terminate the conduct. One violation of Article 134, U.C.M.J., 10 U.S.C. § 934, was completed as soon as appellant successfully delivered marijuana to the informant. A second violation occurred when appellant delivered a separate parcel of marijuana to Hornburg. We, therefore, find that appellant's distributions to the informant and Hornburg constituted separate violations of Article 134, that the specifications alleging the two distributions were not multiplicious under paragraph 26 *b*, and that the government was not required to combine the offenses in a single specification. *See Blockburger v. United States,* 284 U.S. 299, 302, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932); and *Universal C.I.T. Credit Corp., supra.*

 Under the analytic framework established in *United States v. Baker, supra,* multiplicity concerns arise in the contexts of charging, findings, and sentencing. We note that the determinations of multiplicity for charging and for findings are virtually identical except that: (1) offenses requiring inconsistent findings of fact may be alleged in multiple specifications but may not be the basis of multiple convictions, and (2) specifications which would be multiplicious

for findings may remain before the court under paragraph 26 *b*, M.C.M. if there are exigencies of proof or if some doubt exists regarding the law. *See Baker,* 14 M.J. at 365–368. We have thus far discussed the issue of multiplicity in the context of permissible charges. We have, however, also considered whether, apart from being charged with both offenses, the appellant could properly be convicted of both. Applying substantially similar analysis as is discussed above, we find that he could. *See Baker,* 14 M.J. at 367–368; *United States v. Ridgeway,* 19 M.J. 681 (A.F.C.M. R.1984).*

We have considered the remaining assignments of error and found them to be without merit. We find that the approved findings of guilty and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

---

* At trial the military judge treated these specifications as multiplicious for punishment purposes.

We, therefore, need not consider that issue.