UNITED STATES, Appellee,

v.

Major Sheridon H. GROVES, 524–62–0171, United States Army, Appellant.

CM 444650.

U.S. Army Court of Military Review.

Jan. 18, 1985.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, and Captain Bernard P. Ingold, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Patrick J. Cunningham, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted, contrary to his pleas, of larceny and making a false claim in violation of Articles 121 and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 932 (1982). Both charges stem from appellant's filing of a dependents' travel and dislocation allowance claim form (DD Form 1351–4) for travel by one Nanely Groves and her daughters from El Paso, Texas, to Fort Hood, Texas, during July 1980. The Government proceeded on the theory that Nanely Groves was not the wife of the appellant, and hence the claim was false and fraudulent. At trial appellant defended, primarily on the theories that he and Nanely Groves were husband and wife by virtue of a common law marriage, or alternatively, that appellant honestly believed he had entered into a common law marriage with Nanely Groves at the time he submitted the claim.

I

On 17 July 1980 appellant filed a Claim for Dependent Travel Pay and Dislocation Allowance for his permanent change of station move from Fort Bliss, Texas, to Fort Hood, Texas. His move was completed on 14–15 July 1980. On the claim form appellant indicated his "wife" (Nanely) and his two "daughters" traveled with him. Based on this claim appellant received $443.40 in dependent travel pay and dislocation allowance for his claimed travel with these reported dependents.

Appellant now contends that the evidence is insufficient to establish his guilt beyond a reasonable doubt because the Government failed to disprove he honestly

believed he was married to Nanely Groves at common law.

■ An honest mistake of law or fact is a complete defense to offenses requiring a specific intent or specific knowledge. *E.g.*, *United States v. Sicley*, 20 C.M.R. 118 (CMA 1955); *United States v. Rowan*, 16 C.M.R. 4 (CMA 1954); *United States v. Ward*, 13 M.J. 626 (AFCMR 1982), *aff'd in part and rev'd in part*, 16 M.J. 341 (CMA 1983).

■ The evidence of record reveals, *inter alia*, that appellant is a college graduate, a physician, a person who had gone through prior divorce proceedings, a person who had extensive military service, and was described by one of his own witnesses as "brilliant" with respect to finances and the movement of money and things of that nature. Further, we find in the record of trial numerous inconsistencies in appellant's case. For example, in explaining why he changed his Officer Record Brief to indicate that he was single, at one point appellant asserts he was "upset," while later he asserts he was being cautious by not taking any chances.

After hearing the facts, the military judge, before findings, indicated he was convinced beyond a reasonable doubt that no common law marriage existed and that there was no honest belief on the part of appellant that Nanely Groves was his legal wife at any time; he further found appellant and Nanely Groves held themselves out as husband and wife when there was an advantage to be gained and denied they were married when there were disadvantages to such a status. We hold that his determination was correct. The facts strongly support his finding that appellant and Nanely Groves claimed a marital relationship only when it was to their legal or social advantage and claimed to be single when that status was to their advantage.

We find appellant's claim of honest mistake to be incredulous and not honest.

## II

■ Appellant further claims he was denied his constitutional right of confrontation by the admission of Nanely Groves' statement to the CID. At trial, his objection, which was based on the hearsay rule as well as a denial of confrontation rights, was overruled by the military judge.[1] Ms. Groves appeared as a witness for the prosecution and claimed both the marital, and later self-incrimination, privileges. Ruling on the latter grounds, the military judge sustained her claim of privilege. The prosecution then offered her prior statement to the CID under Military Rule of Evidence 804(b)(4) as an exception to the hearsay rule as a statement of personal or family history from an unavailable declarant. We hold that the appellant's objection was properly overruled.

■ In *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Court identified two constitutional criteria which the Government must satisfy in such circumstances to comply with the confrontation clause. First, the Government must show the declarant was unavailable. In this case this was accomplished by the judge's ruling sustaining Nanely Groves' claim of privilege which made her legally "unavailable." A witness who successfully invokes a claim of privilege from testifying is unavailable under Military Rule of Evidence 804(a)(1). *See United States v. Vandetti*, 623 F.2d 1144 (6th Cir.1980).

Second, the Government must show that the proffered statement bears adequate indicia of reliability. Reliability may be inferred either from the statement's characterization as a "firmly-rooted" exception to the hearsay rule or from "particularized guarantees of its trustworthiness."[2] We

---

1. We note some possible problems regarding the sufficiency of the defense objection to raise the confrontation issue. In the interest of fairness, in this case, we will treat the objection as properly raised. *United States v. Robinson*, 16 M.J. 766 (ACMR 1983).

2. *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980); *see also Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).

find that Ms. Groves' statement was shown to be reliable under either rationale. Although there are few legal precedents on this point, the commentators note that the rule's federal counterpart, Federal Rule of Evidence 804(b)(4), is a codification of one of the oldest exceptions to the hearsay rule.[3] The codification modified the common law pedigree exception by modernizing it in consonance with the Rules' spirit of broadening admissibility. As such, it qualifies as a "firmly-rooted" exception and is inherently reliable.

Additionally, we find the statement trustworthy for other reasons. Ms. Groves' statements that she was not married to appellant and had not gone "on the pretxt [sic] of husband and wife ..." were corroborated, *inter alia*, by appellant's admission he was not legally married to Ms. Groves and that she had never given him a definite answer to his marriage proposal, the fact appellant filed federal income tax returns as a single unmarried person for 1980–1982, the facts surrounding Ms. Groves' Change of Name Petition (e.g., social acceptability), the circumstances of the finances of the parties (including the VA benefits received by Ms. Groves), the fact Ms. Groves ID card was changed only after the legal name change was granted as well as the fact Ms. Groves never registered her children with the military medical registry system so they could obtain free medical care. Corroboration of a statement from an out-of-court declarant guarantees its trustworthiness. *United States v. Vazques*, 18 M.J. 668 (ACMR 1984); *see also United States v. Robinson, supra* note 1. Accordingly, there has been no denial of appellant's confrontation rights.[4]

### III

■ Appellant also alleges multiplicity for findings purposes. We agree. *United States v. Robertson*, 17 M.J. 412 (CMA 1984) (summary disposition); *United States v. Allen*, 16 M.J. 395 (CMA 1983); *United States v. Ward*, 15 M.J. 377 (CMA 1983) (summary disposition). We deem consolidation to be appropriate and note we are satisfied appellant has suffered no prejudice as to sentence because of this error.

We have considered the other issues raised by appellant and find them to be without merit.

The finding of guilty of Specification 1 of Charge II and the Specification of Charge I are consolidated by adding after the word "Government" on line 4 of the Specification of Charge I the words "by preparing a DD Form 1351-4, Voucher or Claim for Dependent Travel, Dislocation, or Trailer Allowance, for presentment to Major Leonard J. Anchor, an officer of the United States duly authorized to approve, allow, and pay such claim, make a claim against the United States in the amount of $443.00 for dependents' travel pay and dislocation allowance from El Paso, Texas, to Fort Hood, Texas, which claim was false and fraudulent in the amount of $443.40 in that the said Major Sheridon H. Groves was not entitled to dependents' travel pay and dislocation allowance because he did not have a wife named Nanely and two daughters named Aimee and Marie as indicated on the DD Form 1351-4 and was then known by the said Major Sheridon H. Groves to be false and fraudulent."

Further, this Court finds as fact that appellant is guilty of Specification 1 of Charge II and Charge II. Accordingly, if any reviewing authority subsequently concludes that prejudicial error has tainted the findings of guilty of the Specification of Charge I and Charge I and orders that finding set aside, the findings of guilty of Specification 1 of Charge II and Charge II can be revived and affirmed without rehearing. *See United States v. Zupancic*, 18 M.J. 387, 389 (CMA 1984).

---

3. E.g., 4 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 804(b)(4)[01] at 804–117.

4. The Court notes excellent discussions on a closely related point in Child, Effective Use of The Residual Hearsay Exceptions, Trial Counsel Forum, Vol. 15, No. 9, p. 2 (September 1984) and Kelly & Davis, Litigating the Residual Exceptions to the Hearsay Rule, The Advocate, Vol. 15, No. 1, p. 4 (Jan.–Feb.1984).

The findings of guilty of Specification 1 of Charge II and Charge II are set aside and that specification and charge are dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge PAULEY and Judge WERNER concur.