**UNITED STATES, Appellee,**

v.

**Private E1 Carlyn D. MIDDLETON, 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, United States Army, Appellant.**

**ACMR 9101841.**

U.S. Army Court of Military Review.

9 Feb. 1993.

For Appellant: Colonel Malcolm H. Squires, Jr., JAGC, Captain Robin L. Hall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain Sheila E. McDonald, JAGC (on brief).

Before WERNER, Senior Judge, and GRAVELLE, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Senior Judge:

Contrary to his pleas, the appellant was convicted of aggravated assault upon his superior noncommissioned officer who was then in the execution of his office, "by placing the point of a pair of scissors upon Staff Sergeant (SSG) [C's] neck," in violation of Article 91, Uniform Code of Military Justice, 10 U.S.C. § 891 (1982) [hereinafter UCMJ]. His approved sentence provides for a bad-conduct discharge.

The appellant contends that the military judge erroneously prevented him from exercising his constitutional right to present matters in defense by excluding evidence that, prior to the assault, the victim divested himself of his rank. He prays that we set aside the findings and sentence. We disagree with the appellant's contention and affirm.

Divestiture of rank or status is a complete or partial defense to offenses committed against the rank or status of superior commissioned officers, warrant officers, or noncommissioned officers. *See generally* UCMJ, arts. 89, 90 and 91, 10 U.S.C. §§ 889, 890 and 891. The divestiture defense provides that an accused may not be convicted or punished more severely for assaulting or insulting an individual of superior rank or status where "the victim behaved in a manner toward the accused such as to lose the protection of [the superior rank or status]." Manual for Courts–Martial, United States, 1984, Part IV, para. 14c(1)(d). Whether divestiture applies is a question of fact that depends on whether a victim's conduct was incompatible with his or her superior rank or status; and whether that conduct induced the disrespectful language or behavior by an accused. *United States v. King*, 29 M.J. 885 (A.C.M.R. 1989), *aff'd*, 30 M.J. 334 (C.M.A.1990). For example, in an appeal from a conviction for assault and battery on a superior commissioned officer and disrespect to the same commissioned officer, this court held that the misconduct of the officer in using racially offensive language to the accused divested him of the protection normally afforded to commissioned officers under Arti-

cles 89 and 90, UCMJ. The accused's conviction of the disrespect charge was set aside, the charge of assault and battery on a commissioned officer was reduced to simple assault and battery, and the sentence was reduced. *United States v. Johnson,* 43 C.M.R. 604 (A.C.M.R.1970); *see also United States v. Richardson,* 7 M.J. 320 (C.M.A.1979). We conclude in the case at bar that, as proffered by the defense, the evidence did not show that SSG C's actions were incompatible with his rank or status or induced the appellant's behavior toward him.

During its case-in-chief, the government established that the appellant placed the point of a pair of scissors to the neck of SSG C while saying, "You and I need to talk. It wouldn't take much to put this to the back of your head." Staff Sergeant C testified that he was frightened by the appellant's action. Two witnesses testified that SSG C ordered the appellant to, "Get that out of my face."

The appellant attempted to invoke the defense of divestiture. He proffered testimony from members of the unit to establish that the appellant and SSG C had been close personal friends over a lengthy period of time. During that period, they socialized off duty; frequently called each other by their first names; engaged in horseplay and joked with each other on duty; and the victim's wife referred to the appellant as her son. He also claimed that his placing of the scissors against SSG C's throat was only a joke and that SSG C was not offended by it.

■ The military judge rejected the appellant's argument that the proffered evidence tended to establish the defense of divestiture. He ruled that the appellant could neither present evidence nor refer to matters during cross-examination that occurred between him and SSG C prior to the time immediately preceding the assault. He stated that any matter pertinent to their relationship that occurred "six months before, or three months before that, or anything of that nature, has absolutely nothing to do with this offense, and does not raise an issue of divestiture."

We hold that the military judge correctly ruled that the proffered facts were not relevant to the defense of divestiture. The defense-proffered evidence would not have established that SSG C's conduct at the time the assault was committed warranted divesting him of the codal protection afforded noncommissioned officers in the execution of their office under Article 91, UCMJ. Having a close personal friendship with a subordinate and occasionally joking with one another is not tantamount to misconduct which would induce a subordinate to act in derogation of the superior's rank or status as the appellant did here.

■ The appellant correctly points out that the evidence that he was only joking and that SSG C was not offended by his conduct were relevant factors in determining whether divestiture occurred. *See United States v. Noriega,* 7 U.S.C.M.A. 196, 21 C.M.R. 322 (1956). However, the military judge's ruling did not exclude this evidence. That the triers of fact rejected it in arriving at their verdict does not support the appellant's contention that the military judge had erroneously excluded the evidence.

By requesting that the findings be set aside, the appellant implicitly suggests that he should not have been convicted of the underlying aggravated assault. We have considered this suggestion and find it without merit. The evidence amply established that, by putting SSG C in fear, the appellant committed the assault. *See United States v. Locke,* 16 M.J. 763 (A.C.M.R. 1983). Moreover, there was insufficient evidence to substantiate any defense to the assault.

We have considered the other assigned errors and find them also without merit. Accordingly, the findings of guilty and the sentence are affirmed.

Judge GRAVELLE and Judge DELL'ORTO concur.